IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DIANAH SOPHIA HUNTER, ) | |
| ) | Civil Action |
| Plaintiff, ) | No. 2:20-cv-00176-RWS-JCF |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| PEST CONTROL INSULATION, LLC ) | |
| d/b/a TAP PEST CONTROL, ) | |
| ) | |
| Defendant. ) | |
| _____ | |

## FIRST COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Dianah Sophia Hunter ("Plaintiff"), by and through undersigned counsel, and files this First Complaint for Damages against Defendant Pest Control Insulation, LLC d/b/a TAP Pest Control ("Defendant") Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant's violation of her rights under the pursuant to the Americans with Disabilities Act ("ADA"), the Civil Rights Act of 1991, 42 U.S.C. § 1981, et. seq. ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII")., and shows the Court as follows:

1

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

3.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII. Plaintiff filed her charge of discrimination against Defendant with the EEOC, and the EEOC issued its Notice of Right to Sue letter on July 2, 2020.

4.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

5.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

6.

Defendant is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District. Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

7.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, William N. Turk, 5285 Mountain Ctr Plaza, Suite 100, Lula, Hall County, GA 30554.

## FACTUAL ALLEGATIONS

8.

Defendant is now, and at all times relevant hereto, has been an employer subject to the ADA.

9.

On or about October 21, 2019, Ms. Hunter, an African-American female, began her employment with Defendant as a Customer Service Representative.

10.

Ms. Hunter began her employment on a 90-day probation period, which would end on or about January 19, 2020. Upon completion of her probationary period, Ms. Hunter would receive an increase in both hours scheduled and pay.

11.

At the beginning of her probationary period, Ms. Hunter performed satisfactorily. Toward the end of 2019, she was transferred to train on a discrete skill, and in this transfer, received inadequate training from two different individuals who had an acrimonious relationship.

12.

In her December 2019 Milestone Review Meeting, Ms. Hunter told her supervisor of the conflicts between the trainers, and that this created undue stress and confusion for her in the workplace. No action was taken.

13.

During the week of about January 7, 2020, Ms. Hunter suffered both a heart attack and a stroke, which her doctor attributed in part due to the stress at work.

14.

Ms. Hunter and her husband communicated with Defendant and specifically her supervisor during the two weeks Ms. Hunter was out of work following her

heart attack and stroke.

15.

Ms. Hunter returned to work on or about January 21, 2020. Ms. Hunter advised her supervisor that due to her heart attack and stroke, she suffered a left eye blurriness and double vision, right sided body weakness, vertigo, depression, anxiety, and other deficits.

16.

Bill Turk, the CEO, and owner of Tap Pest Control was also aware of Ms. Hunter's medical condition.

17.

However, upon her return to work, Ms. Hunter was given increased work demands and even less support and training.

18.

On approximately January 24, 2020, in her Milestone Review Meeting, her supervisor advised Ms. Hunter that due to her medical condition, she was not eligible for the 2019 company bonus, which she had expected to receive.

19.

In this meeting, her supervisor also advised Ms. Hunter that he had re-set her probationary period for another 90 days.

20.

In this meeting, Ms. Hunter expressed to her supervisor her frustration in the training process which did not accommodate her resulting medical conditions from the stroke, the loss of the 2019 bonus due to her stroke, and the extension of her probationary period due to her stroke.

21.

On February 19, 2020, Defendant terminated Ms. Hunter.

22.

On February 20, 2020, Defendant issued a Separation Notice reflecting "Inadequate Progress Toward Job Responsibilities" as the reason for Ms. Hunter's termination.

23.

Any reason given for Ms. Hunter's termination is pretext for unlawful discrimination and retaliation.

24.

At all times relevant to this action, Ms. Hunter suffered from a serious health condition and disability, as those terms have been defined by the ADA, of which the employer had knowledge.

25.

Plaintiff sought a reasonable accommodation under the ADA.

26.

Defendant terminated Ms. Hunter due to work absences, which were protected by ADA, and/or because of Plaintiff's need for leave for her health condition, and/or because of Plaintiff's disability and/or need for a reasonable accommodation under the ADA.

27.

At all times relevant, Ms. Hunter has suffered from disability, within the meaning of the ADA, of which the employer had knowledge. In particular, Plaintiff has suffered from a heart attack and stroke resulting in left sided blurry vision and double vision, right sided body weakness, vertigo, depression, and anxiety as well as other deficits. Additionally, Defendant "regarded" Plaintiff as disabled.

28.

Defendant terminated Ms. Hunter's employment because of her disability, perceived disability, need for an accommodation, and/or because Plaintiff engaged in protected activity by seeking a reasonable accommodation for her disability and/or complaining about the discriminatory treatment due to her disability.

## CLAIMS FOR RELIEF

## COUNTS I & II
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT
## (ADA DISCRIMINATION AND RETALIATION)

29.

Plaintiff repeats and re-alleges the preceding paragraphs no.'s 5-28 as if set forth fully herein.

30.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

31.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

32.

At times relevant to this action, Plaintiff has been an individual with a disability as that term has been defined by the ADA.

33.

At times relevant to this action, Defendant and individuals involved in the decision to terminate Plaintiff were aware of Plaintiff's disability, including at the time of Defendant's termination of Plaintiff.

34.

Plaintiff's disability and/or need for a reasonable accommodation were determinative factors in Defendant's decision to terminate Plaintiff.

35.

At all times relevant, Plaintiff could perform the essential functions of her position with, or without a reasonable accommodation.

36.

Defendant failed to engage in the interactive process with Plaintiff, as required by the ADA.

37.

Defendant "regarded" Plaintiff as having a "disability" under the ADA.

38.

In terminating Plaintiff, Defendant discriminated against Plaintiff because of her disability and/or perceived disability, and/or need for an accommodation, thus violating Plaintiff's rights under the ADA entitling her to all appropriate relief thereunder.

39.

Defendant retaliated against Plaintiff in violation of the ADA by terminating her after she sought/used reasonable accommodations and/or after she made a complaint regarding discriminatory treatment due to her disability.

40.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which she is entitled to recover from Defendant.

41.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages.

## COUNT III

## RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

42.

Plaintiff re-alleges the preceding paragraphs no's 5-28 as if set forth fully herein.

43.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

44.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

45.

At all times relevant, Plaintiff was a member of a protected class. Others outside of Plaintiff's protected class received better treatment than Plaintiff.

46.

Plaintiff was qualified to perform her position.

47.

Plaintiff was terminated because of her protected characteristic(s). Other employees, who were not African American, were not terminated, despite having similar performance.

48.

In terminating Plaintiff's employment, Defendant discriminated against Plaintiff on the basis of her race in violation of Title VII.

49.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights.

50.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her race.

51.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

52.

As a result of Defendant's unlawful actions, Plaintiff has suffered, among other things, pecuniary and non-pecuniary losses for which she is entitled to recover from Defendant. Among other things, Plaintiff has suffered lost wages and substantial emotional distress. Defendant's unlawful actions were willful and done

in reckless disregard for Plaintiff's protected rights. Plaintiff is entitled to an award of punitive damages.

## COUNT IV:

## VIOLATION OF 42 U.S.C. § 1981

53.

Plaintiff re-alleges the preceding paragraphs no's 5-28 as if set forth fully herein.

54.

Defendant subjected Plaintiff to discrimination on the basis of her race when it terminated her. Other employees, who were not African-American, were not terminated, despite having similar performance.

55.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. section 1981.

56.

The effect of the conduct was to deprive Plaintiff of economic opportunities, and otherwise adversely affect Plaintiff's status as an employee, because of her race.

57.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical well-being.

58.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to her emotional health, and has lost back pay and front pay.

59.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

60.

Defendant chose not to take appropriate remedial steps to prevent or correct the harassment.

**WHEREFORE**, Plaintiff judgment as follows:

(a)  General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)  Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon,

(c) Punitive damages;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) All equitable relief available under the ADA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

This 30th day of July 2020.

**BARRETT & FARAHANY**

/s/Adian Miller
Adian Miller
Georgia Bar No. 794647
*Attorney for Plaintiff*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
Adian@justiceatwork.com